UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK W. SWIMELAR,
Chapter 13 Trustee,

    Appellant,

   -v-       3:22-CV-715

DANIEL MCGUIRE and
RITA MCGUIRE,

    Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:       OF COUNSEL:

MARK W. SWIMELAR,     EDWARD J. FINTEL, ESQ.
 CHAPTER 12 & 13 TRUSTEE
Attorneys for Appellant
250 South Clinton Street, Suite 203
Syracuse, NY 13202

ORVILLE & MCDONALD LAW, P.C. ZACHARY D. MCDONALD, ESQ.
Attorneys for Appellees
30 Riverside Drive
Binghamton, NY 13905

DAVID N. HURD
United States District Judge

# **DECISION and ORDER**

## I. **INTRODUCTION**

Appellant Mark W. Swimelar ("appellant" or the "trustee"), one of the two standing chapter 13 trustees covering the Northern District of New York, has filed this appeal from a Memorandum-Decision & Order issued by Chief United States Bankruptcy Judge Diane Davis that confirmed a chapter 13 plan proposed by debtor-appellees (and husband and wife) Daniel and Rita McGuire (collectively "debtors" or "appellees").

In November of 2020, these debtors filed a joint voluntary petition under chapter 13 of the Bankruptcy Code. A petition under chapter 13 involves a whole bunch of disclosures, including a set of "Schedules" in which the debtor must disclose their assets, liabilities, income, and expenses. On a form called "Schedule C," debtors also identified assets they believed to be "exempt"; *i.e.*, protected from the bankruptcy trustee. This list of exempt assets included a "[p]otential inheritance from [debtor wife's] late brother" worth $10,000.00.

The trustee objected to this claimed exemption. In his view, the possible $10,000 inheritance was property of the bankruptcy estate that constituted disposable income for purposes of confirmation: the kind of thing that must be funded into debtors' confirmation plan for the benefit of creditors. Because debtors' proposed plan did not do so, the trustee argued that confirmation of their chapter 13 plan should be denied. In opposition, debtors acknowledged

that the inheritance is ordinarily property of the estate and agreed to fund any amount in excess of $10,000 into the plan as non-exempt proceeds. But debtors insisted that they had properly claimed the anticipated sum as an exemption that should not be included in their plan. In fact, according to debtors, they now believed Ms. McGuire would only receive $6,000 from the inheritance, rather than the $10,000 they disclosed on their Schedule C.

On June 24, 2022, Chief Judge Davis sided with debtors and overruled the trustee's objection to confirmation of the plan. Dkt. No. 2 at 7–30.[1] Chief Judge Davis held that debtors had properly claimed the inheritance as an exempt pre-petition asset. *Id*. at 30. Judge Davis further held that the inheritance was immunized from pre-petition debts and creditors' claims up to the value authorized under 11 U.S.C. § 522(d)(5), and that the inheritance did not constitute disposal income under § 1325(b). *Id*. However, Judge Davis ordered debtors to remit any inheritance funds they might receive in excess of the amounts permitted under §§ 522(d)(5) and 522(l). *Id*. at 14.

The trustee appealed.

## II.  <u>LEGAL STANDARD</u>

A federal district court enjoys jurisdiction to entertain appeals from "final judgments, orders, and decrees" issued by a bankruptcy court sitting in the

---

[1] Pagination corresponds to CM/ECF.

same judicial district. 28 U.S.C. § 158(a). "Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law *de novo*." *In re Charter Commc'n, Inc.*, 691 F.3d 476, 482–83 (2d Cir. 2012).

## III.  DISCUSSION

Appellant argues that Chief Judge Davis erred in overruling his objection to debtors' confirmation plan because the anticipated inheritance should have been accounted for as projected disposable income. Dkt. No. 6 at 7–8. As appellant explains, most courts hold that exempt property is not excluded from the disposable income analysis. *Id*. at 9–13. In the trustee's view, the cases on which Chief Judge Davis relied are either readily distinguishable or based on their own legal error. *Id*. at 13–19. According to the trustee, the bankruptcy court's rationale would lead to absurd results. *Id*. at 25.

Upon *de novo* review, the June 24 MDO will be affirmed. An independent look at the relevant case law seems to confirm what is already set forth in Chief Judge Davis's thoughtful written opinion: there is an ongoing split of authority in this area of the bankruptcy law, with a majority line of cases that favor the trustee and a minority line of cases that favor the debtors.

The trustee's brief on appeal acknowledges the existence of this same basic split of authority. The trustee urges this Court to reverse the June 24 MDO on the basis that Chief Judge Davis sided with the minority view of this

particular issue. In the trustee's telling, the minority line of cases (and now the June 24 MDO) misinterpret the interplay between § 522(c) and § 1325. The trustee has since submitted supplemental briefing in which he indicates that other bankruptcy courts have continued to side with the majority view.

But what is missing from the trustee's argument on appeal is any kind of clear articulation that either governing Supreme Court precedent or Second Circuit authority compel the result he seeks to reach. After all, there is no question that the bankruptcy court applied its own subject matter expertise to the facts of this case and determined that the minority line of cases on this question were a better fit under the circumstances.

*De novo* review is for correcting legal error, not legal disagreement. In short, the trustee has not "clearly identified the kind of controlling authority from our own Circuit that might confirm the bankruptcy court committed legal error, and an independent review of the matter reveals no reason why this Court should begin second-guessing it." *CFCU Community Credit Union v. Harrington*, 584 B.R. 9, 14 (N.D.N.Y. 2018). Accordingly, the June 24 MDO will be affirmed.

## IV. **CONCLUSION**

As the trustee's supplemental filings show, the bankruptcy court's holding in this case appears to have been appropriately confined to the unusual facts presented by debtors' petition. Indeed, the June 24 MDO has yet to lead to

the "absurd" results threatened in his brief on appeal. To the contrary, other bankruptcy courts in this District have applied the relevant provisions of the Bankruptcy Code to reach results favored by the trustee. While those cases sided with the majority view of this issue, the appellant has not established that the minority view is equivalent to legal error. Accordingly, the June 24 MDO will be affirmed.

Therefore, it is

ORDERED that

1. The June 24, 2022 MDO is AFFIRMED; and

2. Swimelar's appeal is DISMISSED.

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: August 1, 2023
       Utica, New York.

David N. Hurd
U.S. District Judge